# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MORSE and THEODORE RAY BUCK, JR. <br><br> Plaintiffs, <br><br> v. <br><br> KWAME RAOUL in his Official Capacity as the Attorney General of Illinois, et al. <br><br> Defendants. | Civil Action No. 3:22-cv-02740-DWD |

## PLAINTIFFS' RESPONSE TO DEFENDANT KWAME RAOUL'S MOTION TO STRIKE

NOW COME Plaintiffs, by and through counsel, and respond to Defendant Kwame Raoul's Motion to Strike as follows:

Fed. R. Civ. Pro. 8 governs the standards for drafting a complaint in federal court. "Rule 8(a) states, in part, that '[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Baker v. Kealoha*, No. 11-00528 ACK-KSC, 2012 U.S. Dist. LEXIS 197730, at *30 (D. Haw. Apr. 30, 2012). Plaintiffs "complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Thus, it complies with Rule 8's mandate.

Defendant's chief complaint about Plaintiffs' Amended Complaint is that it includes case citations and "legal argument." Plaintiffs set forth the theory of why

suppressors are protected under the Second Amendment, including "common use."[1] Additionally, since Plaintiffs bear the burden to demonstrate standing, Plaintiffs included prosecutions (see ¶ 60, with citations) which have taken place in Illinois, showing that Illinois' ban on suppressors is enforced.

This Circuit has held that "motions to strike are disfavored." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A Northern District of Illinois court held that to properly rule on a Motion to Strike paragraphs in a complaint, "... the court must determine whether the challenged legal arguments can 'be answered by a short and plain admission, denial, or defense as contemplated by [Rule 8(b)].'" *Workforce Software, LLC v. Workforce, Inc.*, No. 20 C 7365, 2021 U.S. Dist. LEXIS 206155, at *32 (N.D. Ill. Oct. 26, 2021) (citation omitted). In that case, Judge Leinenweber held that the "disputed paragraphs do not present extensive or even complex legal analysis. Consequently, Defendants should be able to respond in accordance with Rule 8(b)." *Id*.

Additionally, Judge Gilbert from the Southern District held that "this Court and others have held that a party must show prejudice to succeed on a motion to strike." *Miller v. Pam Transp., Inc.*, No. 19-cv-242-JPG-GCS, 2019 U.S. Dist. LEXIS 174577, at *5 (S.D. Ill. Oct. 8, 2019) (citation omitted). Judge Gilbert stated that the court "... should not strike matter from a pleading pursuant to Rule 12(f) 'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Id*.

---

[1] "Furthermore, defendants' concern regarding the inclusion of legal argument in the complaint is also unpersuasive. The arguments in the complaint only aid the defendants in anticipating counter-arguments when they move for summary judgment." *K.D. v. Oakley Union Elem. Sch. Dist.*, No. C 07-00920 MHP, 2008 U.S. Dist. LEXIS 9559, at *37 (N.D. Cal. Feb. 8, 2008).

(quoting C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.)).

Defendant avers that every legal citation included in the amended complaint is inappropriate because they amount to disfavored legal conclusions. However, this is untrue. Most of the cases cited to are not presented to prove a legal conclusion. Most are included to help prove a fact. E.g., the cases cited to in paragraph ¶ 60 are included to prove that the State of Illinois enforces its suppressor ban. That is not a legal conclusion. That is a factual allegation which has been supported by evidence. "There is no reasonable basis for confusion as to which Defendants are associated with which claims, and the Court can identify Plaintiff's causes of action." See *Baker v. Kealoha*, No. 11-00528 ACK-KSC, 2012 U.S. Dist. LEXIS 197730, at *31 (D. Haw. Apr. 30, 2012). Defendant did not distinguish these legal citations nor made any effort to demonstrate which cases he believes are being used to make legal conclusions. As the moving party, that is his burden. *See Campbell v. City of Johnston City*, No. 05-cv-4072-JPG, 2005 U.S. Dist. LEXIS 35617, at *4 (S.D. Ill. Dec. 14, 2005) ("The burden on a motion to strike is upon the moving party."). The motion to strike should be denied in full.

Arguably, only Paragraph 31, the quoting of Justice Alito's concurrence in *Caetano v. Massachusetts*, 577 U.S. 411 (2016), could be considered a "lengthy quotation[] of case law". Mot. at 11. But that is just one paragraph. While the other referenced paragraphs do contain citations to other cases or authorities, none of the citations present a "complex legal analysis" or even an "extensive" legal analysis.

To be sure, it is within the discretion of this Court to "determine[] whether to grant a motion to strike[,]" (*Workforce Software, LLC* at *33), but in this case, the Court should

3

not strike any of the paragraphs as Defendant "should be able to respond in accordance with Rule 8(b)." *Id*. at *32.  And the Defendant has not been "significant[ly] prejudice[d]" by the inclusion of any of the cited cases.  In fact, "prejudice" does not even appear in Defendant's Motion to Strike.

At bottom, Defendant does not want to answer those portions of the Amended Complaint.  "The forms of action we have buried, but they still rule us from their graves." F. W. Maitland, *The Forms of Action At Common Law* 2 (A.H. Chaytor and W.J. Whittaker ed. 1965)(1909)." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).  As required, Plaintiffs have presented a set of proffered facts upon which relief can be granted.  In support of these proffered facts, Plaintiffs have included legal cases which support the facts averred.  That is well within the mandate of Rule 8 and Defendant's motion should be denied.

Dated: January 31, 2023.

        */s/Stephen D. Stamboulieh*
        Stamboulieh Law, PLLC
        P.O. Box 428
        Olive Branch, MS  38654
        (601) 852-3440
        stephen@sdslaw.us
        MS Bar No. 102784


        Alan Alexander Beck
        Law Office of Alan Beck
        2692 Harcourt Drive
        San Diego, CA  92123
        (619) 905-9105
        Alan.alexander.beck@gmail.com
        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I, Stephen D. Stamboulieh, counsel for Plaintiff, hereby certify that on this day, I have caused to be filed the foregoing document or pleading with the District Court's ECF which sent a notice and a copy of the foregoing to all counsel of record.

Dated:  January 31, 2023.

                                        /s/ *Stephen D. Stamboulieh*
                                        Stephen D. Stamboulieh