IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MORSE, <br> THEODORE RAY BUCK, JR., <br><br> Plaintiffs, <br><br> -vs- <br><br> KWAME RAOUL, in his official capacity <br> as the Attorney General of Illinois, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 22-cv-02740-DWD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION TO OPT OUT OF MANDATORY MEDIATION**

NOW COME the Plaintiffs, LARRY MORSE and THEODORE RAY BUCK, Jr., and the Defendants, KWAME RAOUL, THEODORE HAMPSON, and SEAN FEATHERSTUN, by and through their respective attorneys, and pursuant to Section 2.2 of the Court's October 8, 2021 Mandatory Mediation Plan, move the Court to allow the parties to opt out of mandatory mediation. In support thereof, the parties state the following:

1. Plaintiffs have filed a 2-count Second Amended Complaint for Declaratory and Injunctive Relief, asserting in Count I that Defendants' laws, customs, practices and polices banning firearm suppressors violate the Second Amendment, facially and as applied against the Plaintiffs, and damaging Plaintiffs under 42 U.S.C. § 1983. Plaintiffs seek preliminary and permanent injunctive relief against such laws, customs, polices and practices in Count I. (Doc 42, ¶ 69).

2. In Count II, Plaintiffs seek a declaration that Defendants' policies which deny them the right to own, possess and acquire firearm suppressors are unconstitutional as applied to them, or, in the alternative, a declaration that 720 ILCS 5/24-1(a)(6) is unconstitutional as applied to Plaintiffs. (Doc. 42, ¶¶ 75-76).

3. On February 9, 2023, the Court adopted the Joint Report of the Parties, which requires the selection of a Mediator by March 3, 2023 and the Mandatory Mediation Session to be completed by March 22, 2023. (Doc. 44)

3. Section 2.2 of the Court's October 8, 2021 Mandatory Mediation Plan allows parties which have been referred to mandatory mediation to file a motion to opt out of mandatory mediation for "good cause" which shall not include "[i]nconvenience, travel costs, attorney fees, or other costs." (See Administrative Order No. 301, § 2.2(A)).

4. Good cause exists in this case to allow the parties to opt out of mandatory mediation at this point.

5. In this case, Plaintiff challenges the constitutionality of laws and policies prohibiting firearm suppressors (silencers).

6. Plaintiffs request defendants be enjoined from enforcing such laws and that the Court declare 720 ILCS 5/24-1(a)(6) violates the Second Amendment.

7. Defendants have filed Answers and Affirmative Defenses, in which they deny the relief requested and specifically deny the laws and policies prohibiting firearm suppressors violates the Second Amendment.

8. A change in the applicable Illinois statute, 720 ILCS 5/24-1(a)(6) would require legislative action, is not within Defendants' authority.

9. All sides agree this is an "all or nothing case" that does not lend itself to mediation as there does not appear to be any type of compromise wherein a settlement agreement could reasonably be reached through mediation.

10. In simple terms, either the law is unconstitutional or it is not, but there does not seem to be a middle ground, and as such, mediation would be futile.

WHEREFORE, for all of the foregoing reasons, the parties respectfully request the court allow them to opt out of mandatory mediation and for such other relief as the Court deems just and proper.

Respectfully submitted,

**KWAME RAOUL**, Defendant

By: */s/ Thomas R. Ewick*
One of His Attorneys
Thomas R. Ewick, #6279084
Illinois Attorney General's Office
500 South Second Street
Springfield, IL 62701
Thomas.ewick@ilag.gov

**THEODORE HAMPSON**, Defendant

By: */s/ James E. Godfrey, Jr.* (by consent)
One of His Attorneys
James E. Godfrey, #6191771
Evans & Dixon, LLC
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
jdodfrey@evans-dixon.com

**LARRY MORSE and
THEODORE RAY BUCK,** Plaintiffs

By: */s/ Stephen D. Stamboulieh* (by consent)
One of Their Attorneys

Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
stephen@sdslaw.us

By */s/ Alan Alexander Beck* (by consent)
One of Their Attorneys

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
Alex.alexander.beck@gamil.com

**SEAN FEATHERSTUN**, Defendant

By: */s/ Keith B. Hill* (by consent)
One of His Attorneys

Heyl, Royster, Voelker & Allen P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, IL 62025-0467
khill@heylroyster.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY MORSE, | ) | |
| THEODORE RAY BUCK, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No. 22-cv-02740-DWD |
| | ) | |
| KWAME RAOUL, in his official capacity | ) | |
| as the Attorney General of Illinois, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, I electronically filed the foregoing *Joint Motion to Opt Out of Mandatory Mediation* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Alan Alexander Beck | alan.alexander.beck@gmail.com |
| Stephen Stamboulieh | stephen@sdslaw.us |
| James E. Godfrey, Jr. | jgodfrey@evans-dixon.com |
| Keith B. Hill | khill@heylroyster.com |
| Martin Plute | martin.plute@ilag.gov |

and I hereby certify that on March 2, 2023, I mailed the described document by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following participant:

NONE

/s/ Thomas R. Ewick
Thomas R. Ewick, #6279084
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
Phone: (217) 782-9026
Fax: (217) 782-8767
E-Mail: Thomas.ewick@ilag.gov
  & gls@ilag.gov