IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MORSE,<br>THEODORE RAY BUCK, JR.,<br><br>      Plaintiffs,<br><br>-vs-<br><br>KWAME RAOUL, in his official capacity<br>as the Attorney General of Illinois, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 22-cv-02740-DWD<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT RAOUL'S RESPONSE TO
### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

NOW COMES Defendant, KWAME RAOUL, pursuant to Federal Rule of Civil Procedure 36, and for his response to Plaintiff's First Set of Requests for Admissions[1], states as follows:

**REQUEST FOR ADMISSION 1:** Please admit that 720 ILCS 5/24-1(a)(6) bans "a device or attachment of any kind designed, used or intended for use in silencing the report of any firearm[.]"

**OBJECTION:** Request 1 improperly seeks the admission of a legal conclusion. "Rule 36 does not encompass demands . . . for legal conclusions." *Abdulqader v. United States*, 596 F. App'x 515, 516 (7th Cir. 2015).

**REQUEST FOR ADMISSION 2:** Please admit that Illinois enforces its ban on silencers.

**RESPONSE: Defendant admits that Illinois' regulation of silencers is enforced. Defendant denies that Illinois' regulation of silencers constitutes a ban, as there are exceptions to the regulation that may apply, depending on the facts of the individual case.**

---

[1] This response to Plaintiff's request for admission is filed with the Court pursuant to Local Rule 26.1(b)(1).

**REQUEST FOR ADMISSION 3:** Please admit that silencers are considered "firearms" under federal law.

**RESPONSE: Defendant admits that under certain federal statutes, silencers are included within the statutory term: "firearm." Defendant denies that silencers are considered firearms generally under federal law or the constitution, denies that silencers are, in fact, firearms, and denies the remainder of Request 3.**

**REQUEST FOR ADMISSION 4:** Please admit that at some [sic] state law enforcement possess silencers.

**OBJECTION: Request 4 is vague, as it is not clear whether it refers to law enforcement of any state, and whether it refers to law enforcement officers or law enforcement as an organization, or both.**

**Subject to and without waiving this objection, Defendant admits that some Illinois state law enforcement officers possess silencers for purposes of, and while in the performance of, their law enforcement duties, and that some Illinois state law enforcement agencies possess silencers for purposes of law enforcement. After a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny whether individuals who happen to be Illinois state law enforcement officers possess silencers outside of their law enforcement duties.**

**REQUEST FOR ADMISSION 5:** Please admit that Illinois OSHA states "Long or repeated exposure to sounds at or above 85 decibels can cause hearing loss." See https://labor.illinois.gov/content/dam/soi/en/web/idol/news/documents/national-protect-your-hearing-month.pdf and https://labor.illinois.gov/content/dam/soi/en/web/idol/news/documents/

10-4-21-protect-your-hearing-month.pdf.

**RESPONSE: Defendant admits Request 5.**

**REQUEST FOR ADMISSION 6:** Please admit that at least 45 states allow non-prohibited individuals to own and use silencers.

**OBJECTION: Request 6 is vague, as it is not clear what is meant by "non-prohibited individuals" and therefore impossible to answer.**

**Subject to and without waiving this objection, after a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny Request 6.**

**REQUEST FOR ADMISSION 7:** Please admit that Illinois has no interest in banning silencers for use by law abiding citizens.

**RESPONSE: Defendant denies Request 7.**

**REQUEST FOR ADMISSION 8:** Please admit that silencers reduce the sound and/or report of gunshots.

**RESPONSE: Defendant admits Request 8.**

**REQUEST FOR ADMISSION 9:** Please admit that silencers do not completely eliminate the report of gunshots.

**RESPONSE: Defendant admits Request 9.**

**REQUEST FOR ADMISSION 10:** Please admit that the Bureau of Alcohol, Tobacco, Firearms and Explosives must approve all transfers of silencers.

**RESPONSE: Defendant admits BATFE must approve all transfers of silencers as defined in 18 U.S.C. 921(A)(25).**

**REQUEST FOR ADMISSION 11:** Please admit that a person cannot purchase a silencer

in a state that bans silencers, such as Illinois.

**RESPONSE: Defendant denies that Illinois bans silencers, but admits that it regulates silencers. After a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny the remainder of Request 11 because whether a person can legally purchase a silencer in Illinois depends on the facts surrounding that purchase, and whether it falls within an exception to Illinois' regulation of silencers.**

**REQUEST FOR ADMISSION 12:** Please admit that the ATF is required by law to deny the purchase of a silencer if that state's law bans silencers.

**RESPONSE: Defendant denies Request 12.**

**REQUEST FOR ADMISSION 13:** Please admit that a handgun being fired produces gunshot noise exceeding 85 decibels.

**OBJECTION: Request 13 is vague, as the reference to "a handgun," without specificity, could mean any number of firearms, some of which might exceed 85 decibels and some of which might not. Therefore, Request 13 is impossible to answer.**

**Subject to and without waiving this objection, after reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny Request 13.**

**REQUEST FOR ADMISSION 14:** Please admit that silencers reduce the report of a firearm.

**RESPONSE: Defendant admits Request 14.**

**REQUEST FOR ADMISSION 15:** Please admit that none of the Plaintiffs are prohibited persons under federal or Illinois State Law with respect to purchasing or possessing firearms.

**RESPONSE: After a reasonable inquiry, the information Defendant knows or can**

readily obtain is insufficient to admit or deny Request 15, as whether any of the Plaintiffs are prohibited under federal or Illinois law from purchasing or possessing firearms depends on the individual facts applicable to each Plaintiff, which are outside the knowledge of Defendant.

**REQUEST FOR ADMISSION 16:** Please admit that some nations in Europe require the use of suppressors when hunting.

**RESPONSE:  After a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny Request 16.**

**REQUEST FOR ADMISSION 17:** Please admit that there are in excess of 2.9 million suppressors legally owned and registered in compliance with the National Firearms Act.

**RESPONSE:  After a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny Request 17.**

**REQUEST FOR ADMISSION 18:** Please admit that the use of a suppressor reduces the risk of hearing loss while shooting.

**RESPONSE:  After a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny Request 18.**

**REQUEST FOR ADMISSION 19:** Please admit that the use of suppressors decreases the environmental damage associated with shooting firearms.

**RESPONSE:  After a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny Request 19.**

**REQUEST FOR ADMISSION 20:** Please admit that suppressors typically owned by private citizens for lawful purposes such as hunting and target shooting.

**RESPONSE:  Defendant denies Request 20.**

**REQUEST FOR ADMISSION 21:** Please admit that suppressors are useful in self-defense situations.

**RESPONSE: After a reasonable inquiry, the information defendant knows or can readily obtain is insufficient to admit or deny Request 21.**

**REQUEST FOR ADMISSION 22:** Please admit that in some nations, such as Finland, France, Norway and New Zealand some or all types of suppressors are essentially unregulated.

**RESPONSE: After a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to admit or deny Request 22.**

**REQUEST FOR ADMISSION 23:** Please admit that in nations such as those referenced in Request for Admission 22, there are no more suppressor crimes per capita than in the United States.

**OBJECTION: Request 23 is vague, as it is not clear what "nations such as those referenced in Request . . . 22" means. Plaintiffs do not identify which nations are sufficiently like the nations identified in Request 22 to fall under the "such as" umbrella.**

Respectfully submitted,

Thomas R. Ewick, #6279084
Martin Plute #6330296
Assistant Attorneys General
500 South Second Street
Springfield, Illinois 62706
(217) 785-4555 Phone
(217) 524-5091 Fax
Email: Thomas.Ewick@ilag.gov
Martin.Plute@ilag.gov

KWAME RAOUL, in his official capacity as the Attorney General of Illinois,

Defendant,

By: /s/ Thomas R. Ewick
　　　Thomas R. Ewick, #6279084
　　　Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MORSE, ) | |
| THEODORE RAY BUCK, JR., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | No. 22-cv-02740-DWD |
| ) | |
| KWAME RAOUL, in his official capacity ) | |
| as the Attorney General of Illinois, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2023, the foregoing document, *Defendant Raoul's Response to Plaintiff's First Set of Requests for Admissions*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Alan Alexander Beck | alan.alexander.beck@gmail.com |
| Stephen Stamboulieh | stephen@sdslaw.us |
| James E. Godfrey, Jr. | jgodfrey@evans-dixon.com |
| Keith B. Hill | khill@heylroyster.com |
| Martin Plute | martin.plute@ilag.gov |

And I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant: NONE.

Respectfully submitted,

s/ Thomas R. Ewick
Thomas R. Ewick, #6279084
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(217) 782-2077 Phone
(217) 782-8767 Fax
Email: Thomas.Ewick@ilag.gov