IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MORSE, et al.,<br>  *Plaintiffs*,<br>v.<br>KWAME RAOUL, et al.,<br>  *Defendants*. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 3:22-cv-02740-DWD<br>)<br>)<br>) |
| CARLIN ANDERSON,<br>et al.,<br>  *Plaintiffs*,<br>v.<br>KWAME RAOUL, et al.,<br>  *Defendants*. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 3:23-cv-00728-DWD<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
SECOND MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AUTHORITY**

Although Plaintiffs do not object to the Court granting the Defendants' Second Motion for Leave to File Supplemental Authority, Doc. 94, for the sole purpose of noticing the Fourth Circuit's opinion in *United States v. Saleem*, No. 23-4693, a criminal case, the Court should not follow the *Saleem* opinion's conclusion for several reasons.

First, the opinion in *Saleem* is unpublished. Thus, it is not binding even within the Fourth Circuit, let alone in this jurisdiction. Second, even if the opinion were published, the Court's brief one-paragraph discussion of suppressors is not persuasive.

As Plaintiffs have explained, banning suppressors implicates conduct protected by the Second Amendment for at least two independent reasons. For one, firearms equipped with suppressors are "arms" under binding Supreme Court precedent. *See* Doc. 76 at 2, 4–8; Doc. 75 at

1

3–6. And for another, suppressed firearms facilitate armed self-defense by mitigating the threat of hearing loss from non-suppressed firearms. *See* Doc. 76 at 10–14; Doc. 75 at 6, 12–13.

The *Saleem* opinion, which is binding in no jurisdiction, does nothing to undermine these straightforward conclusions.

| | |
|---|---|
| December 19, 2024 | Respectfully submitted, |
| | /s/ David H. Thompson<br>David H. Thompson*<br>Peter A. Patterson*<br>Athanasia O. Livas* |
| David G. Sigale (Atty. ID# 6238103)<br>LAW FIRM OF DAVID G. SIGALE, P.C.<br>55 West 22nd Street<br>Suite 230<br>Lombard, Illinois 60148<br>630.452.4547<br>dsigale@sigalelaw.com | COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>alivas@cooperkirk.com |
| | *Admitted *pro hac vice* |

*Counsel for Anderson Plaintiffs*

/s/Stephen D. StambouliEh
Stambouliеh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Alan.alexander.beck@gmail.com

*Counsel for Plaintiffs Morse and Buck*

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2024, I cause the foregoing to be filed using the CM/ECF system, which will send notification of such filing to counsel of record, who are registered CM/ECF participants.

/s/ David H. Thompson
David H. Thompson

*Attorney for Plaintiffs*
